IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BOBBY E. COTTON,             )
                                 )
        Petitioner,        )
                                 )
    v                     )     Civil Action No. 2:10cv249-TMH
                                 )            (WO)
J.A. KELLER,              )
                                 )
        Respondent.     )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a *pro se* petition for a writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)

## I.   BACKGROUND

The petitioner, Bobby E. Cotton ("Cotton"), is currently incarcerated at the Federal Prison Camp in Montgomery, Alabama, serving a 121-month sentence, imposed in 2004 by the United States District Court for the Southern District of Alabama, upon his conviction for conspiracy to manufacture methamphetamine.  In his petition, Cotton claims that the Federal Bureau of Prisons ("BOP") has failed to properly consider the mandated statutory criteria in determining the duration of his placement in a residential reentry center ("RRC") for the final portion of his federal sentence, in violation of the Second Chance Act.

In compliance with this court's orders, the respondent has filed an answer in which he argues that (1) Cotton's habeas petition is not ripe for court review, because at the time

Cotton filed his petition, he was not close enough to the end of his sentence to qualify for consideration for placement in an RRC under the Second Chance Act and the BOP had made no determination regarding his RRC placement; and (2) even if Cotton were eligible for consideration for placement in an RRC at the time he filed his petition, he has not exhausted administrative remedies with respect to his claims.  (Doc. No. 12.)  In response, Cotton filed a traverse.  (Doc. No. 14.)

## II.   DISCUSSION

By his petition, Cotton seeks to have the BOP consider him for placement in an RRC for the final portion of his sentence, for the maximum amount of time allowed, pursuant to the authority of the Second Chance Act of 2007.  (Doc. No. 1 at p. 18.)  More specifically, he requests that this court issue an order directing the BOP "in good faith to consider Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. § 3624 (c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.'"  (*Id*.)

The Second Chance Act amended 18 U.S.C. §§ 3621(a) and 3624(c).  Pursuant to the Second Chance Act, the BOP staff is required to review inmates for RRC placement 17-19 months before their projected release date, and inmates are to be individually considered using the five factors listed in § 3621(b).  When he filed his petition, on March 11, 2010, Cotton's projected release date was March 21, 2012, assuming he receives all good conduct

time available.  At the time of filing, then, Cotton was not close enough to the end of his

sentence to qualify under the Second Chance Act for consideration for placement in an RRC

for a portion of the remainder of his sentence.  There is no indication in the pleadings before

this court that an assessment regarding Cotton's placement in an RRC, or the duration of that

placement, has been made.  Ripeness becomes an issue when a case is anchored in future

events that may not occur as anticipated, or at all.  *See Pac. Gas & Elec. Co. v. State Energy*

*Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200-201 (1983); *Dames & Cotton v.*

*Regan*, 453 U.S. 654, 689 (1981). Under the circumstances, Cotton's case is not ripe for

review.

Moreover, even if the BOP makes a determination regarding Cotton's RRC

placement, Cotton must his exhaust his administrative remedies if he wishes to challenge that

determination.  The pleadings before this court reflect that Cotton has not attempted to

pursue relief via the BOP's administrative remedies.  Cotton maintains that exhaustion

should be excused because it would be futile to pursue the BOP's administrative remedies.

(Doc. No. 1 at pp. 14-15.)  In support, he notes that BOP Director Harley Lappin believes

that prisoners placed in an RRC for longer than six months "tend to do worse rather than

better."  (*Id*.)

It is well settled in this circuit that a federal prisoner who requests habeas corpus relief

under 28 U.S.C. § 2241 must first exhaust his administrative remedies before seeking relief

from this court.  *See Skinner v. Wiley*, 335 F.3d 1293, 1295 (11th Cir. 2004); *Gonzalez v.*

*United States*, 959 F.2d 211 (11ᵗʰ Cir. 1992).  The BOP has established regulations that set

forth the procedures that a prisoner must follow before seeking relief from a district court.

*See* 28 C.F.R. §§ 542.10 et seq.; *United States v. Lucas*, 898 F.2d 1554, 1556 (11ᵗʰ Cir.

1990).  These regulations govern formal review of inmate complaints relating to any aspect

of their imprisonment and specify the procedures that inmates must pursue before attempting

to seek relief in federal court.  *United States v. Herrera*, 931 F.2d 761, 764 (11ᵗʰ Cir. 1991).

If, and only if, an inmate has pursued his administrative remedies may he seek relief in

federal court.  *Id*.  "An inmate has not fully exhausted his administrative remedies until he

has appealed through all three levels [of the BOP's administrative remedies]."  *Irwin v.

Hawk*, 40 F.3d 347, 349 n.2 (11ᵗʰ Cir. 1994).

Cotton has not exhausted the three-level administrative remedy process, set forth at

28 C.F.R. §§ 542.10-.15, with regard to his claims concerning his eligibility for placement

in an RRC.  Therefore, he has not satisfied the requirement that he exhaust his available

administrative remedies before seeking habeas corpus relief in federal court.  Moreover,

Cotton has failed to establish that it would be futile to pursue the BOP's administrative

remedies. Despite BOP Director Lappin's personal opinion, the BOP's regulations, amended

after passage of the Second Chance Act, provide for placement in an RRC for up to 12

months.  Relying on the Second Chance Act and 28 C.F.R. § 570.21, the Eleventh Circuit has

determined that an inmate "may immediately seek [ ] individual determination [for placement

in an RRC up to 12 months] under the administrative procedures currently available to him."

*Woodward v. Grayer*, Case No. 08-12851, *7 (11th Cir. Dec. 23, 2008).  Accordingly, as the

BOP is required by statute and its own regulations to consider Cotton for placement in an

RRC for up to 12 months, Cotton has failed to demonstrate that it would be futile to exhaust

the BOP's available administrative remedies.  *See Hayes v. Grayer*, Case No. 1:09cv896-

RWS 2009 WL 1473929 (N.D. Ga. May 26, 2009).

Cotton also complains that he will be delayed in vindicating his rights if he complies

with the BOP's administrative remedies program and that the time required to exhaust

administrative remedies could deprive him of the full 12 months he alleges he is entitled to

serve in an RRC.  However, there are deadlines incorporated into the administrative remedies

program that prevent the BOP from unreasonably delaying consideration of a request for

review and any appeal therefrom.  *See, e.g.*, 28 C.F.R. § 542.18 (setting forth BOP response

times at various levels of review).  Cotton has not established extraordinary circumstances

justifying waiver of the exhaustion requirement.  Therefore, in addition to this action not

being ripe for court review, dismissal for failure to exhaust administrative remedies is also

warranted.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2241 petition for habeas corpus relief be DISMISSED without prejudice because

this case is not ripe for review and because of Cotton's failure to exhaust administrative

remedies in accordance with the procedures established by the BOP.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before July 5, 2010.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of June, 2010.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE